KERRY M. L. SMITH, OSB# 88103
SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon   97030
Telephone: (503)669-2242
Facsimile: (503)669-2249
smithandfjelstad@frontier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBIN DEAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAFEWAY, INC.,<br><br>                    Defendant. | Civ. No.<br><br>COMPLAINT<br><br>(ADA; State Handicap Discrimination;<br>OFLA; FMLA; Wrongful Discharge;<br>Workers' Compensation Discrimination;<br>Failure to Reinstate an Injured Worker)<br><br>JURY TRIAL DEMANDED |

Mr. Dean alleges:

## NATURE OF THE ACTION

1.      This is an action for damages under, Title I of the Americans with Disabilities Act

of 1990, Title I of the Civil Rights Act of 1991 and the FMLA to correct unlawful employment

practices on the basis of (1) disability (actual, perceived or record of), (2) failure to

accommodate, (3) failure to engage in the interactive process, (4) termination in violation of the

PAGE 1 - COMPLAINT

ADA, and (5) violations of the FMLA to vindicate the rights of Mr. Dean and other qualified individuals to fair treatment and equal opportunities and to make Mr. Dean whole.

2.      This is also an action for violations of the Oregon State Handicap Discrimination law (ORS 659A.103 *et seq.),* OFLA (ORS 659A.150), workers' compensation discrimination law (ORS 659A.040) and failure to reinstate an injured worker (ORS 659A.043 and ORS 659A.046) and common law wrongful discharge pursuant to the court's ancillary jurisdiction.

## JURISDICTION AND VENUE

3.      The court has subject matter jurisdiction over the federal law claims under 28 U.S.C. §§ 1331, 1337 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A). Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

4.      The court has ancillary jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

5.      The actions alleged were committed in the District of Oregon and venue is proper under 28 U.S.C. § 1391

## PARTIES

6.      Plaintiff, Robin Dean, is a citizen of the United States and the State of Oregon.

PAGE 2 - COMPLAINT

7.     Defendant Safeway, Inc., is a Deleware corporation which is authorized to
conduct business in Oregon, and does conduct business in Oregon.

8.     All actions taken by the corporate defendant were taken through authorized
agents or representatives.

## PROCEDURAL REQUIREMENTS

9.     Mr. Dean filed a complaint with the Oregon Bureau of Labor and Industries
(BOLI) that constituted a joint filing with the Equal Employment Opportunity Commission
(EEOC) pursuant to a work sharing agreement between BOLI and EEOC. The Complaint
contained the disability discrimination (federal and state) as well as the OFLA, workers'
compensation discrimination and failure to reinstate injured worker (ORS 659A.043) claims of
which Mr. Dean now complains. The BOLI complaint did not contain the FMLA claim, the
wrongful discharge claim or the failure to reinstate injured worker claim (ORS 659A.046).

10.     Mr. Dean received a Notice of Private Right of Action from BOLI and a
Notice of Right to Sue from the EEOC, authorizing him to commence a civil action regarding
the claims presented to BOLI and the EEOC. Mr. Dean has filed this complaint within the time
allowed in the notices authorizing her to bring this action. The FMLA claim, the wrongful
discharge claim and the failure to reinstate an injured worker claim (ORS 659A.046) are timely
in that this Complaint is filed within two years of the events giving rise to those claims.

## STATEMENT OF KEY FACTS

11.     Mr. Dean worked for defendant and was entitled to protection under the ADA,
state handicap discrimination law, FMLA, OFLA, workers' compensation discrimination law and

/////

PAGE 3 - COMPLAINT

injured worker reinstatement laws.  Prior to the harassing and discriminatory treatment, Mr. Dean

always performed his job duties for defendant in a satisfactory manner.

      12.     Defendant employed Mr. Dean and was subject to the ADA, state handicap

discrimination law, FMLA , OFLA, state workers' compensation discrimination law and state law

relating to the reinstatement of injured workers.

      13.     Mr. Dean worked for defendant for approximately 18.5 years prior to his

involuntary termination on or about March 25, 2011.  On or about February 17, 2011, Mr. Dean

suffered, or reasonably believed he suffered, an on-the-job injury while working for defendant.

Mr. Dean reported the injury to defendant and returned to work on February 18, 2011.  On or

about March 16, 2011, Mr. Dean filed a workers' compensation claim for the injury.  The injury

impacted one or more of Mr. Dean's major life activities and was a serious medical condition

under FMLA and OFLA.

      14.     On or about March 16, 2011, Mr. Dean sought medical treatment and was limited

to light duty.  Mr. Dean provided a copy of the light duty restrictions to defendant.  Defendant did

not offer Mr. Dean light duty which was within his restrictions or which he could otherwise

perform.

      15.     On or about March 23, 2011, Mr. Dean's light duty restrictions were continued and

he provided defendant with a copy of the light duty restrictions.  Defendant did not provide Mr.

Dean with light duty which was within his restrictions or which he could otherwise perform.

      16.     On or about March 25, 2011, defendant terminated Mr. Dean's employment.

/////

/////

PAGE 4 - COMPLAINT

17.     While employed with defendant, Mr. Dean had, or reasonably believed he had,

a disability under state and federal law.  In the alternative, Mr. Dean had a record of disability or

defendant perceived him as disabled.

18.     While employed with defendant, Mr. Dean, on more than one occasion,

requested that defendant accommodate his disability and requested that defendant participate in an

interactive process designed to determine whether defendant could accommodate his disability.

19.     In the alternative, defendant was aware that Mr. Dean required accommodation

to perform his essential job functions and that an interactive process was necessary and/or

required to determine whether he could perform his essential job functions either with or without

accommodation.

## FIRST CLAIM FOR RELIEF

### (ADA)

20.     Mr. Dean incorporates the allegations in paragraphs 1 through 19.

21.     Mr. Dean is a qualified individual with a disability pursuant to the ADA.  His

impairments constitute physical impairments that substantially limit one or more of her major life

activities.

22.     Alternatively, Mr. Dean had a record of a disability or was perceived as

disabled.

23.     Mr. Dean was, at all material times, able to perform the essential functions of

his job position either with or without accommodation.

24.     Defendants discriminated against Mr. Dean and terminated his employment due

to his disability.

PAGE 5 - COMPLAINT

25.     Defendants failed and refused to accommodate Mr. Dean's actual disabilities.

26.     Defendant failed and refused to participate in an interactive process to determine whether defendant could accommodate Mr. Dean's disabilities.

27.     Defendant, directly and through its agents, treated Mr. Dean in a disparate, discriminating and harassing manner because of his actual disability, his record of disability and/or his perceived disability.

28.     Defendants' actions constituted unlawful employment practices violating the ADA.

29.     Defendant's employment practices as alleged deprived Mr. Dean of equal employment opportunities and otherwise adversely affected his status as an employee.  As a result, Mr. Dean suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be proved at trial.

30.     Mr. Dean is entitled to recover from defendant for his general, noneconomic damages in an amount to be determined at trial.

31.     Defendant's acts were part of a pattern and practice of discrimination against disabled persons.  The court should enter a permanent injunction prohibiting such conduct in the future.

32.     Mr. Dean is entitled to recover his reasonable attorney fees, expert witness expenses and litigation costs.

/////

/////

/////

PAGE 6 - COMPLAINT

## SECOND CLAIM FOR RELIEF

### (State Disability Discrimination)

33.    Mr. Dean incorporates by reference the allegations in paragraphs 20 through

32.

34.    Defendant's actions violated Oregon law relating to disability discrimination.

35.    Mr. Dean is entitled to recover the damages alleged in paragraphs 29 and 30

and the injunction alleged in paragraph 31.

36.    Pursuant to 659A.885, Mr. Dean is entitled to recover his attorney fees and

costs.  He is entitled under ORS 20.107 to recover expert witness expenses.

## THIRD CLAIM FOR RELIEF

### (FMLA)

37.    Mr. Dean incorporates paragraphs 1 through 19.

38.    Mr. Dean had a serious health condition which entitled him FMLA.

Defendant denied Mr. Dean his FMLA rights, interfered with his FMLA rights and/or retaliated

against him for exercising and/or attempting to exercise his FMLA rights.

39.    As a result of defendants' conduct, Mr. Dean suffered lost wages and benefits

of employment in an amount to be determined at trial plus an equal amount in liquidated damages

and interest.  The court should grant Mr. Dean an injunction against future similar conduct.

40.    Mr. Dean is entitled to recover his costs of this action and reasonable attorney

fees under FMLA and the implementing regulations.

/////

/////

PAGE 7 - COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (OFLA)

41.    Mr. Dean incorporates paragraphs 1 through 19.

42.    Mr. Dean had a serious health condition which entitled him to OFLA.

Defendant denied Mr. Dean his OFLA rights, interfered with his OFLA rights and/or retaliated

against him for exercising and/or attempting to exercise his OFLA rights.

43.    As a result of defendants' conduct, Mr. Dean suffered lost wages and benefits

of employment in an amount to be determined at trial, plus interest.  The court should grant Mr.

Dean an injunction against future similar conduct.

44.    Mr. Dean, pursuant to Oregon law, is entitled to recover his reasonable

attorneys fees and costs under OFLA.

## FIFTH CLAIM FOR RELIEF

### (Wrongful Discharge)

45.    Mr. Dean incorporates paragraphs 41 through 44.

46.    Following his injury on, Mr. Dean asserted his OFLA rights and/or provided

defendant with information which placed defendant on notice that Mr. Dean was entitled to OFLA

protected leave.

47.    The right of Mr. Dean to assert his OFLA rights or place defendant on notice of

his right to protected leave is an important societal interest.

48.    Mr. Dean's rights are not fully and adequately protected by existing statutory

remedies and the statutory remedies, if any, were not intended to replace the common law remedy

of wrongful discharge.

PAGE 8 - COMPLAINT

49.     A substantial factor in Mr. Dean's termination was the denial of his OFLA rights and/or the fact that he asserted his OFLA rights as defendant's employee.

50.     As a result of defendants' actions, Mr. Dean suffered the damages alleged in paragraphs 29 and 30.

### SIXTH CLAIM FOR RELIEF

(Workers' Compensation Discrimination - ORS 659A.040)

51.     Mr. Dean incorporates paragraphs 1 through 19.

52.     A substantial factor in the decision to deny Mr. Dean his FMLA and OFLA rights and/or to terminate his employment was the fact that Mr. Dean had applied for benefits or invoked or utilized Oregon's workers' compensation system (ORS Chapter 656).

53.     As a result of defendant's actions, Mr. Dean is entitled to recover the damages alleged in paragraphs 29 and 30 and the injunction alleged in paragraph 31.

54.     Pursuant to ORS 659A.885, Mr. Dean is entitled to recover his attorneys' fees and costs. He is entitled under ORS 20.107 to recover expert witness expenses.

### SEVENTH CLAIM FOR RELIEF

(Failure to Reinstate an Injured Worker - ORS 659A.043)

55.     Mr. Dean incorporates paragraphs 1 through 19.

56.     Mr. Dean was declared medically stationary and released to perform the job duties he performed prior to February 17, 2011, either with or without accommodation.

57.     Mr. Dean made a timely demand for reinstatement to the position he held at the time of injury or, in the alternative, was excused from demanding reinstatement to his former position because defendant had terminated his employment.

PAGE 9 - COMPLAINT

58.     As a result of defendant's actions, Mr. Dean is entitled to recover the damages alleged in paragraphs 29 and 30 and the injunction alleged in paragraph 31.

59.     Pursuant to ORS 659A.885, Mr. Dean is entitled to recover his attorney fees and costs.  She is entitled under ORS 20.107 to recover expert witness expenses.

## EIGHTH CLAIM FOR RELIEF

(Failure to Reinstate an Injured Worker - ORS 659A.046)

60.     Mr. Dean incorporates paragraphs 1 through 19.

61.     Mr. Dean was declared medically stationary and was disabled from preforming the duties of her regular employment either with or without accommodation.

62.     Mr. Dean made a timely demand for reinstatement to another suitable and available position or, in the alternative, was excused from demanding reinstatement to a suitable and available position because defendant had terminated his employment.

63.     As a result of defendant's actions, Mr. Dean is entitled to recover the damages alleged in paragraphs 29 and 30 and the injunction alleged in paragraph 31.

64.     Pursuant to ORS 659A.885, Mr. Dean is entitled to recover his attorneys' fees and costs.  He is entitled under ORS 20.107 to recover expert witness fees.

**WHEREFORE**, Mr. Dean demands trial by jury and requests this court to grant the following relief:

1.     Grant Mr. Dean an award of lost wages, benefits and other economic damages against defendant in an amount to be determined at trial.

2.     An award of compensatory damages for emotional distress in an amount to be determined at trial.

PAGE 10 - COMPLAINT

SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

3.   Grant Mr. Dean declaratory and injunctive relief precluding defendant from subjecting him, or other similarly situated employees, to unlawful employment practices in the future;

4.   An award of pre-judgment and post-judgment interest on all amounts due to Mr. Dean as a result of this action.

5.   An award of costs, reasonable attorney fees and expert witness fees.

6.   Order such further or alternative relief in favor of plaintiff as the court deems just, equitable and appropriate.

Dated: October 17, 2012.                    SMITH & FJELSTAD
                                            By:   /s/ Kerry M. L. Smith
                                                  Kerry M. L. Smith
                                                  OSB NO. 881033
                                                  Of Attorneys for Plaintiff

## JURY TRIAL DEMANDED

Mr. Dean demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

Dated: October 17, 2012.

                                            SMITH & FJELSTAD
                                            By: /s/ Kerry M. L. Smith
                                                  Kerry M. L. Smith
                                                  OSB NO. 881033
                                                  Of Attorneys for Plaintiff

PAGE 11 - COMPLAINT