**Lisa C. Brown, OSB No. 794709**
lbrown@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

Attorneys for Defendant Safeway Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ROBIN DEAN,** | Case No.  3:12-cv-01875-PK |
| Plaintiff, | **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **SAFEWAY INC.,** | |
| Defendant. | |

Page 1    **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................5

II.     STATEMENT OF UNDISPUTED FACTS .............................................5

III.    LEGAL ARGUMENT...........................................................................10

        A.      SUMMARY JUDGMENT STANDARD.................................10

        B.      LEGAL CLAIMS ................................................................ 11

                1.      Disability Claims ................................................ 11

                        a.      Discrimination ................................. 11

                        b.      Accommodation ................................14

                2.      State and Federal Family Medical Leave....................17

                        a.      FMLA Claim .................................... 17

                        b.      Retaliation ......................................19

                3.      Wrongful Discharge ................................... 20

                4.      Workers' Compensation Discrimination ....................21

                5.      Failure to Reinstate.................................... 24

                6.      Failure to Reemploy under 659A.046 .......................25

IV.     CONCLUSION...................................................................................25

**DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

## Cases

*Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir.2003) .................................................. 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S Ct 2505, 2512 (1986) ..... 10, 11

*Batacan v. Reliant Pharms., Inc.*, 228 F. App'x 702, 704 (9th Cir. 2007) ......................20

*Brown v. Lucky Stores, Inc.*, 246 F3d 1182, 1188 (9th Cir 2001) .................................... 15

*Brown v. Premier Chems., LLC*, No. 3:08-CV-00635-KJD-GWF, 2010 U.S. Dist. LEXIS 105277 (D. Nev. Sept. 30, 2010) ..................................................................................20

*Celotex Corp. v. Catrett*, 477 US 317, 322-23, 106 S Ct 2548 (1986) ............................ 10

*Centennial Sch. Dist. No. 28J v. Or. Bureau of Labor & Indus.*, 169 Or.App. 489, 500–01, 10 P.3d 945, 951 (2000) ............................................................................................... 18

*Delaney v. Taco Time Int'l*, 297 Or 10 (Or 1984) .........................................................20

*Dunlap v. Liberty Natural Products, Inc.*, 3:12-CV-01635-SI, 2013 WL 6177855 (D. Or. Nov. 25, 2013 ................................................................................................................ 25

*El-Hakem v. BJY, Inc.*, 262 F Supp 2d 1139, 1153 (D Or 2003), aff'd, 415 F.3d 1068 (9th Cir. 2005), cert. denied, 547 U.S. 1004 (2006).......................................................... 23

*Estes v. Lewis & Clark College*, 152 Or App 372, 381 (Or App Ct 1998)......................... 21

*Hardie v. Legacy Health System*, 167 Or App 425, 435, 6 P3d 531 (2000) .....................22

*Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1063 (9th Cir.2005); *McPhail v. Milwaukie Lumber Co.*, 999 P.2d 1144 (Or. App. 2000).............................................22

*Hoang v. Wells Fargo Bank, N.A.*, 724 F. Supp. 2d 1094, 1102 (D. Or. 2010)............... 14

*Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) .................... 11, 12

*Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996) .........................................11

*Livingston v. Fred Meyer Stores, Inc.*, 567 F. Supp. 2d 1265, 1269 (D. Or. 2008) rev'd, 388 F. App'x 738 (9th Cir. 2010)....................................................................................11

*Pacosa v. Kaiser Found Health Plan*, No. 09-CV-1137-B- 2011, U.S. Dist. LEXIS 6465, at *22-23 (D. Or. Jan. 20, 2011) .....................................................................................20

*Price v. Multnomah Cnty.*, 132 F. Supp. 2d 1290 (D. Or. 2001) .....................................17

*Sanders v. City of Newport*, CIV. 07-00776-TC, 2008 WL 2234085 (D. Or. May 30, 2008) .................................................................................................................................. 19

*Seitz v. Albina Human Resources Center*, 100 Or App 665, 675, 788 P2d 1004 (1990) 22

*Shaaban v. Covenant Aviation Sec.*, No. CV 08-03339, 2009 U.S. Dist. LEXIS 104996, at *17 (N.D. Cal. Nov. 10, 2009) ....................................................................................20

*Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir.2001)................... 12

*Vaughn v. Pacific Northwest Bell Tel. Co.*, 289 OR 73, 91, 611 P2d 281 (1980) ............24

*Yeager v. Providence Health Sys.* Or., 195 Or.App. 134, 140–41, 96 P.3d 862, 866 (2004) .............................................................................................................................. 18

## Statutes

29 CFR §825.303(b) .............................................................................................................. 18

29 CFR §825.303(c) .............................................................................................................. 18

42 U.S.C. 12111(8).............................................................................................................. 15

ORS 659A.040 ................................................................................................................ 21, 23

ORS 659A.043(1)................................................................................................................24

ORS 659A.046(1)................................................................................................................ 25

Page 3    **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

ORS 659A.112 ................................................................................................ 15
ORS 659A.115 ................................................................................................ 15
ORS 659A.885 ................................................................................................ 11
ORS. 659A.186(2) ........................................................................................... 17

**Rules**
OAR 839–006–0105(4) ................................................................................... 24
OAR 839–006–0130(1)(c) .............................................................................. 24
OAR 839-006-0130(5)(d) .............................................................................. 24
OAR 839-006-0131(1)(g) .............................................................................. 24
OAR 839-006-0131(1)(h) .............................................................................. 24
OAR 839-006-0136(7) ................................................................................... 25
OAR 839-006-0136(8) ................................................................................... 25
OAR 839-006-0205(10) ................................................................................. 15

Page 4  **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Safeway Inc. submits this Memorandum of Law in support of its Motion for Summary Judgment.

## I.    INTRODUCTION

Plaintiff Robin Dean ("Dean") alleges eight claims of relief:  disability discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA") and ORS 659A.103; violation of the FMLA and OFLA (ORS 659A.150); wrongful discharge; workers' compensation discrimination under ORS 654A.040; failure to reinstate under ORS 659A.043; and failure to reemploy under ORS 659A.046:   Defendant Safeway Inc. ("Safeway") asserts that there are no genuine issues of material fact and summary judgment should be awarded as a matter of law in favor of Safeway dismissing each of Dean's claims for relief because Dean does not have sufficient evidence to prove the essential elements of any of his eight claims for relief.

## II.    STATEMENT OF UNDISPUTED FACTS[1]

Dean was employed by Safeway as a truck driver until March 25, 2011. (Dean Dep. 19:22-24.) He was a union employee and a member of Teamsters Local Union No. 162.  (Dean Dep. 20:4-7; 20:13-14.) Dean voluntarily quit his job with Safeway when he failed to report to work or call in for more than two consecutive days in violation of Paragraph 7.5 of the Collective Bargaining Agreement that governed Dean's employment relationship with Safeway. (Dean Dep. 22:16-22; 108:1-6, 108:10-14; Thomsen Decl. ¶9.)   Section 7.5 of the Collective Bargaining Agreement provides:

---

[1] Although Defendant Safeway contests the facts as alleged by Dean, for purposes of this motion accepts them as undisputed.

Page 5   **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

7.5   <u>Temporary Absence – Obligation to Notify Employer:</u>

Any employee temporarily absent from work for any reason other than vacation, approved leave of absence, or hospitalization when the employee is unable to communicate, must personally report his status daily by telephone to his supervisor or other designated Employer representative prior to the beginning of his regularly scheduled shift.  If the length of absence is known in advance, the obligation to report shall be once a week beginning with the employee's first scheduled working day of each week for which the employee is unavailable, unless modified by mutual agreement in writing, with a copy to the Union.  This once per week reporting privilege applies only when the employee actually calls in as required on the first day of the workweek.  Failure of an employee to report as required by this Paragraph for one day shall result in disciplinary action up to and including suspension; failure to report for two (2) scheduled work days shall be deemed a voluntary quit, and no grievance concerning the termination shall be allowed unless the sole issue raised is one of fact as to whether the employee was able to communicate or actually did so.  Any employee participating in the Employer's light duty work program as a result of industrial injury shall be subject to all provisions of this Paragraph, except that instead of reporting to his regular supervisor, the injured employee shall report to the immediate supervisor of the department to which he has been assigned.

An employee who fails to call in for two scheduled work days is deemed to be a "voluntary quit."  (Dean Dep. 101:17-102:2; 103:1-11; 108:8-18; 108:20-25, Ex. 1, Ex. 3.) It is undisputed that Dean failed to call in for more than two scheduled work days, thereby voluntarily quitting his job with Safeway. (Dean Dep. 109:15-18; 111:21-24; 117:14-17; 118:5-7; 123:2-7.)

Dean suffered a work related injury to his right knee on February 17, 2011. (Dean Dep. 37:16-17; 73:11-14.)  Dean did not elect to file a workers' compensation claim at that time because he preferred to seek treatment with his own physician at Kaiser. (Dean Dep. 66:20-25; 64:20-75:1; 80:13-14.)    Dean continued to perform his regular

Page 6   **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

job duties as a truck driver from February 21, 2011 to March 16, 2011. (Dean Dep. 79:7-17; 80:2-9.) On March 16, 2011, Dean was diagnosed with a sprain or strain of his right knee and provided a modified duty release stating "no vehicle operation for work, sitting work only with sitting and standing as needed for comfort." (Dean Dep. 27:9-10; 27:15-16; 27:20-28:3; 81:13-19; Thomsen Decl. ¶3, Ex. A.)

Dean reported to the Health and Safety room on March 16, 2011 and provided his medical release from his physician along with a completed Worker's and Health Care Provider's Report for Workers' Compensation Claim. (Dean Dep. 70:19-25; 80:13-14; 80:22-81:2; Thomsen Decl. ¶3, Ex. A.) He also completed and signed an 801 form. (Dean Dep. 104:5-105:3; 106:10-24; 110:13-15; 110:21-111:2, Ex. 2; Thomsen Decl. ¶5, Ex. B.) Dean was instructed to speak to his supervisor, Chris Rooney. (Dean Dep. 72:7-10; 71:24-25; 100:4-9.) Mr. Rooney informed Dean that he was required to participate in the light duty program and report to the Health and Safety room each day. (Dean Dep. 72:21-23; 83:2-5; Thomsen Decl. ¶4.)

On March 17, 2011, Dean started his light duty program by reporting to the Health and Safety room. (Dean Dep. 72:21-23; 81:20-82:10; 83:2-5; 83:15-19; 84:12-14; 88:4-8; 97:24-98:5; Thomsen Decl. ¶6.) He received and reviewed a packet of information outlining the light duty program. (Dean Dep. 84:15-18; 116:10-17; Thomsen Decl. ¶6.) After about 30-45 minutes, Dean left the Health and Safety room to find Chris Rooney. (Dean Dep. 84:19-85:2; 100:9-13.) When Dean was unable to locate Mr. Rooney, he spoke with another supervisor, Erin Skerjanec, to inform her he was going home sick. (Dean Dep. 84:19-85:2; 85:14-17; 100:14-18; Thomsen Decl. ¶6.)

Dean failed to report to work or call in to any supervisor on March 21, 22,

Page 7    **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

23 or 24, violating the terms of Paragraph 7.5 of the Collective Bargaining Agreement that dictates the terms of his employment with Safeway. (Dean Dep. 117:8-11; 117:14-17; 118:5-7; Thomsen Decl. ¶8-10.)

On March 25, 2011, Dean was sent a voluntary quit letter indicating that his employment was terminated because he had failed to call in or report to work for more than two days. (Dean Dep. 48:5-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11, Ex. C.)

With the assistance of his union, Dean filed a grievance on March 30, 2011 contesting his "voluntary quit." (Dean Dep. 47:21-23; 48:2-10; 48:14-16; 48:23-49:1; Thomsen Decl. ¶12.)   The grievance was heard by the Joint Conference Board consistent with the terms of the Collective Bargaining Agreement. (Dean Dep. 49:2-7; 50:4-5; 64:17-25; Thomsen Decl. ¶12.)  On July 14, 2011, the Joint Conference Board unanimously denied Dean's grievance.  (Dean Dep. 50:6-7; Thomsen Decl. ¶ 12, Ex. D.) Section 19.10 of the Collective Bargaining Agreement states that the decision of the Joint Conference Board is final and binding. (Dean Dep. Ex. 3; Thomsen Decl. ¶13.)

Dean also filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") contesting the loss of his employment.  (Dean Dep. Ex. 5.)  The Bureau of Labor dismissed Dean's complaint for lack of substantial evidence, finding there was no link between Dean's termination of employment and any protected class status. (Thomsen Decl. ¶18, Ex. E.)

Dean admits that after he filed his workers' compensation claim for his knee injury in March 2011, he never returned to work at Safeway. (Dean Dep. 32:18-21; 72:11-14.)  Dean further admits that he never requested any form of accommodation from Safeway for his knee, acknowledging that he was unable to drive a truck at all

Page 8   **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

between March 16 and March 25, 2011. (Dean Dep. 27: 9-24; 35:2-7; 93:12-14; 93:21; 114:16-20; 127:11-128:2.)   As he could not drive a truck, there is nothing Safeway could have done to enable him to perform the essential functions of his job as a truck driver. (Thomsen Decl. ¶15-16.)

Dean testified in his deposition that he never requested leave under either the Federal Family Medical Leave Act ("FMLA") or the Oregon Family Leave Act ("OFLA"). (Dean Dep. 92:20-22; 113:20-25.)  He acknowledges he never spoke with anyone from Safeway Human Resources to request a leave or any form of accommodation. (Dean Dep. 90:19-21; 92:20-22; 93:12-14; 93:21.)

Dean admits that after he turned in his workers' compensation forms and left the Health and Safety room to speak with his supervisor, Chris Rooney, he never returned to light duty in the Health and Safety room and he never spoke with any supervisor about his absence from work from March 21 to March 25, 2011. (Dean Dep. 72:11-14; 89:22-90:5; 90:10-21; 123:1-9; 132:6-19.) Dean testified that there was no particular reason why he did not want to participate in the light duty program in the Health and Safety room (which he also called the "wellness" room). (Dean Dep. 92:23-93:2; 96:13-15.) Dean admits that he was told repeatedly that he needed to call his supervisor if he was not going to be present for the light duty work in the Health and Safety room. (Dean Dep. 81:20-22; 98:15-18.)   He also acknowledged that he had read the Collective Bargaining Agreement which defined the terms of his relationship with Safeway. (Dean Dep. 22:16-22; 48:23-49:1.)

Dean admits that he never demanded to be reinstated or reemployed by Safeway at any time after he was released to return to work as a truck driver. (Dean Dep.

Page 9   **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

124:12-125:5; 126:9-14.)

When asked in his deposition if he felt like he was discriminated against in any way while employed at Safeway, he responded "I don't have any idea." (Dean Dep. 123:10-14.) When asked if he believed he was retaliated against in any way, Dean's response was "I don't have any idea." (Dean Dep. 123:15-20.) Dean confirmed that he did not have any facts that would support a claim for discrimination or retaliation. ["Do you have any facts that would support a claim of discrimination or retaliation? No"] (Dean Dep. 123:21-24.)

### III.    LEGAL ARGUMENT

### A.    Summary Judgment Standard

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FRCP 56 (c). If the moving party shows there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 US 317, 322-23, 106 S Ct 2548 (1986). The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S Ct 2505, 2512 (1986). *See also United Steelworkers of America v. Phelps Dodge Corp.*, 865 F2d 1539, 1542 (9th Cir 1989) ("A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact"). The existence of a factual dispute between the parties is insufficient to defeat a motion for summary judgment; to defeat a motion for summary judgment, there must be a genuine

Page 10 **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

issue of fact meaning that the disputed evidence would be sufficient to support a reasonable jury verdict for the plaintiff. *Anderson*, 106 S Ct at 2509-12. As set forth below, there are no genuine issues of material fact which would allow Dean to proceed to trial and Safeway is entitled to summary judgment as a matter of law as to each of Dean's claims.

**B.    Legal Claims**

    **1.    Disability Claims**

        Plaintiff's First Claim for Relief is for disability discrimination under the American's With Disabilities Act 42 U.S.C. 12112. His second claim for relief is for disability discrimination under state law ORS 659A.885. Dean alleges that he was discriminated against due to a disability and that Safeway failed to accommodate his disability. Evidence does not exist to prove either disability discrimination or a failure to accommodate under federal or state law.

        **a.    Discrimination**

        To establish a *prima facie* case of discrimination in violation of the Americans with Disabilities Act ("ADA"), Dean must prove: 1) that he was a qualified individual with a disability; 2) that he suffered an adverse employment action; and 3) that a causal connection existed between the adverse employment action and the disability. *Livingston v. Fred Meyer Stores, Inc.*, 567 F. Supp. 2d 1265, 1269 (D. Or. 2008) rev'd, 388 F. App'x 738 (9th Cir. 2010) citing *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001); see also *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996). The "standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in federal law." *Snead v. Metro. Prop. & Cas.*

*Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir.2001); *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884 (9th Cir. 2001) (Oregon disability discrimination statute is modeled after, and interpreted consistently with, ADA).

Dean does not have evidence to prove a claim for disability discrimination under either federal or state law.  Under the undisputed terms of the Collective Bargaining Agreement that defined the terms of Dean's employment relationship with Safeway, Dean voluntarily quit his position with Safeway when he failed to come to work or call in for more than two days. (Dean Dep. 22:16-22; 108:1-6, 108:10-14; Thomsen Decl. ¶9.) Section 7.5 of the Collective Bargaining Agreement specifically provides "[f]ailure to report for two scheduled workdays shall be deemed a voluntary quit."

When Dean provided Safeway with his 801 form, he was assigned to report to the Health and Safety room for light duty work due to his doctor's restrictions.  (Dean Dep. 72:21-23; 83:2-5; Thomsen Decl. ¶4.)  Safeway pays employees assigned to light duty in the Health and Safety room their regular full wages while they are performing the light duty work. (Thomsen Decl. ¶4.)  Section 7.5 of the contract specifically states that "[a]ny employee participating in the employer's light-duty work program as a result of an industrial injury shall be subject to all provisions of this paragraph."  Therefore, Dean was required to call in daily if he was not going to be at work while he was assigned to light duty in the Health and Safety room just as he would if he were in his regular job as a truck driver.

When Dean was assigned to light duty in the Health and Safety room, he admits that he reported to the Health and Safety room on March 17, 2011, as he was required to do. (Dean Dep. 72:21-23; 81:20-82:10; 83:2-5; 83:15-19; 84:12-14; 88:4-8;

Page 12  **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

97:24-98:5; Thomsen Decl. ¶6.) He then left early that day, stating that he was sick. (Dean Dep. 84:19-85:2; 85:14-17; 100:14-18; Thomsen Decl. ¶6.) Dean admits that he did not report to the Health and Safety room or call in to any supervisor as he was required to do under the clear terms of the Collective Bargaining Agreement on March 21, 22, 23, or 24, 2011; therefore, consistent with the terms of the Collective Bargaining Agreement, he was considered to have voluntarily quit and his employment terminated on March 25, 2011. (Dean Dep. 117:8-11; 117:14-17; 118:5-7; Thomsen Decl. ¶8-10.)

Under both federal and state disability discrimination laws, Dean did not suffer an adverse employment action as he voluntarily quit under the terms of the Collective Bargaining Agreement when he elected not to call in or report to work for more than two days.  Even if his termination was considered an adverse employment action, there is no evidence of a causal relationship between his employment termination and any form of disability.  Safeway offered him a light duty position paying him his full wages but Dean admits he did not show up to work in the light duty position or call in to his supervisors for more than two days. (Dean Dep. 84:19-85:2; 85:14-17; 100:14-18; Thomsen Decl. ¶4.) Safeway waited more than two days after Dean failed to call in before sending him a voluntary quit letter on March 25, 2011.  Dean admits he failed to call in to any supervisor all week long from March 21 through March 25, 2011. (Dean Dep. 48:5-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11, Ex. C.) When Dean contested the termination of his employment, the Joint Conference Board upheld the termination under the clear terms of the Collective Bargaining Agreement. (Dean Dep. 50:6-7; Thomsen Decl. ¶12, Ex. D.)

Summary judgment should be awarded to Safeway on both Dean's state

**DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1133-1/37 00508131 V 1

and federal disability discrimination claims because by Dean's own admissions, Dean cannot prove that he suffered any form of discrimination.  When asked in his deposition to explain why he believed he suffered discrimination, Dean responded "I don't have any idea." (Dean Dep. 123:14)  Dean also admits that he did not report to work in the Health and Safety room for his light duty work or call in to any supervisors on March 21, 22, 23 and 24, 2011.  His failure to report to work or call in to any supervisor for more than two days was a violation of the Collective Bargaining Agreement, constituted a voluntary quit, and demonstrated that Safeway had a legitimate nondiscriminatory and nonretaliatory reason for sending Dean a voluntary quit letter on March 25, 2011 terminating his employment with Safeway.

### b.    Accommodation

Dean also alleges that Safeway failed to accommodate him under the ADA and ORS 659A.885.  To establish a *prima facie* case for failure to accommodate under the ADAAA, it is the plaintiff's burden to show: (1) he is a disabled person within the meaning of the Act; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of the disability.  *Hoang v. Wells Fargo Bank, N.A.*, 724 F. Supp. 2d 1094, 1102 (D. Or. 2010) citing *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir.2003).

Dean admits that he cannot prove the essential elements of a claim for failure to accommodate.  First, Dean admits that he was not able to drive a truck or work as a truck driver for about eight months after he submitted his 801 form on March 16, 2011. (Dean Dep. 27: 9-24.) An employee seeking accommodation under the Americans

Page 14 **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

with Disabilities Act must be able to perform the essential functions of their job with or without accommodation.  42 U.S.C. 12111(8).  Being able to drive a truck is an essential function of the job of a truck driver.  If Dean could not drive a truck, he could not perform the most essential function of his job and there was no indication that any form of ac0commodation would have enabled Dean to drive a truck between the time he submitted the 801 form on March 16, 2011 and the time he was deemed to have voluntarily quit on March 25, 2011.  Dean could not be accommodated as that term is used under the ADA and state law until he was released to return to work as a truck driver because there was nothing Safeway could do to enable him to perform the essential functions of his job. Therefore, Dean was not an otherwise qualified individual able to perform the essential functions of the job with reasonable accommodation falling under the protections of the ADA and Oregon law. 42 U.S.C. 12112; ORS 659A.112; ORS 659A.115; OAR 839-006-0205(10).

Dean freely admits that he never asked Safeway for any form of an accommodation. (Dean Dep. 127:8-21.)  During his deposition, Dean was read paragraph 18 from his Complaint which states: "While employed with defendant, Mr. Dean on more than one occasion requested the defendant participate in an interactive process designed to determine whether defendant could accommodate his disability." (Dean Dep. 127:11-16.)  In his deposition, Dean admitted he did not ask anyone at Safeway for any form of accommodation prior to his voluntary quit. (Dean Dep. 127:8-21). An employee who seeks a disability accommodation must make a request for an accommodation. *See, e.g., Brown v. Lucky Stores, Inc.*, 246 F3d 1182, 1188 (9th Cir 2001) (holding that Lucky Stores was under no affirmative obligation to provide an

Page 15  **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

accommodation for Brown because she never asked for an accommodation). Here, because Plaintiff admits he did not seek an accommodation, summary judgment should be granted for Defendant Safeway on Dean's federal and state accommodation claims.

Dean was offered the opportunity to perform light duty work in the Health and Safety room where he would be paid his full wages. (Thomsen Decl. ¶4.)  However, Plaintiff failed to report to work or call in to work the entire week after he was assigned to light duty in the Health and Safety room, resulting in a voluntary quit and a letter being sent to him on March 25, 2011 confirming that Dean had terminated his employment. (Dean Dep. 48:5-7; 117:8-11; 117:14-17; 118:5-7; 111:11-24, Ex. 4; Thomsen Decl. ¶8-11, Ex. C.)

Dean could not be accommodated as that term is used under the ADA and state law until he was released to return to work as a truck driver because he was unable to drive a truck from March 16, 2011 to the date of his voluntary quit.  Absent his ability to perform the most essential function of his job which was to drive a truck, there was nothing Safeway could do to enable him to perform the essential functions of his job until he was released by his doctor to perform those duties.

Summary judgment should be awarded on Dean's accommodation claim because Dean was not released to perform his job as a truck driver. Safeway could not offer him accommodations that would enable him to perform the essential functions of his job when Dean was not released to drive a truck.  There is no evidence Dean's employment was terminated because of any disability as the uncontested evidence is that he voluntarily quit his job by failing to report to work or call in for two days the week after he was assigned to a light duty position in the Health and Safety room.  Dean

Page 16  **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

did not suffer an adverse employment action because of his disability.  Instead Dean
elected to voluntarily quit his job by failing to report to work or call in for more than two
days in violation of the terms of the Collective Bargaining Agreement.  (Dean Dep. 117:8-
11; 117:14-17; 118:5-7; Thomsen Decl. ¶8-10.) The decision of the Joint Conference Board
affirming Dean's voluntary quit confirms that Safeway had a legitimate
nondiscriminatory and nonretaliatory reason for terminating his employment. (Dean
Dep. 50:6-7; Thomsen Decl. 12, Ex. D.)

       **2.**       **State and Federal Family Medical Leave**

      Dean's Third Claim for Relief alleges a violation of the FMLA and his
Fourth Claim for Relief alleges a violation of OFLA under ORS 659A.150. Summary
judgment should be granted on both these claims because Dean, by his own admission,
never notified Safeway of his intention to take leave under either the federal or state
laws. (Dean Dep. 92:20-22; 113:20-25.) Safeway received nothing from Dean's health
care providers indicating he needed to take a full leave of absence.  Dean admits he
never talked with anyone at Safeway Human Resources about taking a leave of absence.
*Id.*

       **a.**      **FMLA Claim**

      To prevail on FMLA interference claim, plaintiff must establish that: (1) he
is an eligible employee; (2) defendant is "employer" under FMLA; (3) he was entitled to
take leave; (4) he gave notice of his intention to take leave; and (5) defendant denied
him benefits to which he was entitled under FMLA. *Price v. Multnomah Cnty.*, 132 F.
Supp. 2d 1290 (D. Or. 2001). OFLA is to "be construed to the extent possible in a
manner that is consistent with any similar provisions of" the FMLA. ORS. 659A.186(2).

Page 17  **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT**
             **OF MOTION FOR SUMMARY JUDGMENT**

Consistent with this legislative directive, Oregon courts look to federal law when interpreting the OFLA. *See Yeager v. Providence Health Sys.* Or., 195 Or.App. 134, 140– 41, 96 P.3d 862, 866 (2004); *Centennial Sch. Dist. No. 28J v. Or. Bureau of Labor & Indus.*, 169 Or.App. 489, 500–01, 10 P.3d 945, 951 (2000).

　　　　In this case, summary judgment is appropriate because Dean never requested any form of leave or notified Safeway as to why he needed to take a leave of absence instead of working in the light duty position that was offered to him. (Dean Dep. 92:20-22; 99:22-101:4; 113:20-25.) While an employee is not required to specifically express that he needs to take "FMLA leave," he is required to "provide sufficient information" for Safeway to "reasonably determine whether FMLA may apply to the leave request" 29 CFR §825.303(b); *Bachelder v. America West Airlines*, 259 F3d 1112, 1130 (9th Cir 2001). This may include, for instance, information about his condition that renders him unable to perform the functions of his job, that he has been hospitalized, and the anticipated duration of his absences. 29 CFR §825.303(b).

　　　　In addition, Plaintiff "must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." 29 CFR §825.303(c). "If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied." *Id.* As Dean admits he never gave notice of his intention to take FMLA or OFLA leave, Safeway could not have denied Plaintiff benefits to which he was entitled under either FMLA or OFLA.

　　　　Even if Dean could establish his *prima facie* elements - which he cannot-

Page 18  **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

his interference claim would still fail because he was not terminated for taking any FMLA or OFLA protected leave. Dean's employment terminated because he voluntarily quit. (Dean Dep. 48:5-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11, Ex. C.) There is no cause of action under FMLA if an employee's termination results from "absences ... not protected by the ... [FMLA]," *Bachelder*, 259 F3d at 1125,

### b.    Retaliation

Dean also claims in his Complaint that he suffered retaliation for taking family medical leave. In order to withstand summary judgment, plaintiff must demonstrate the existence of a genuine issue of material fact with respect to the three elements of a FMLA retaliation claim: (1) plaintiff took FMLA leave; and (2) he was subject to an adverse employment action (3) that was motivated by the fact that he took FMLA leave. *Sanders v. City of Newport*, CIV. 07-00776-TC, 2008 WL 2234085 (D. Or. May 30, 2008) citing *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir.2001).

In this case, Dean never requested or took family medical leave so it would be impossible for Safeway to have retaliated against him for taking it. (Dean Dep. 92:20-22; 99:22-101:4; 113:20-25.) Again, even if he had taken leave, there could not have been any connection between the termination of his employment and his leave as his termination was a voluntary quit, consistent with the terms of the Collective Bargaining Agreement and affirmed by the Joint Conference Board after Dean attempted to grieve the termination. (Dean Dep. 48:5-7; 50:6-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11-12, Ex. C., Ex. D.) Safeway had a legitimate nondiscriminatory and nonretaliatory reason for sending Dean a voluntary quit letter confirming the

termination of his employment as Dean himself voluntarily quit after electing not to come to work or call in for two days following his assignment to light duty in the Health and Safety room. *See Pacosa v. Kaiser Found Health Plan*, No. 09-CV-1137-B- 2011, U.S. Dist. LEXIS 6465, at *22-23 (D. Or. Jan. 20, 2011) (granting summary judgment and finding plaintiff's family leave played no role in decision to terminate for confidentiality policy violations); *Brown v. Premier Chems., LLC*, No. 3:08-CV-00635-KJD-GWF, 2010 U.S. Dist. LEXIS 105277 (D. Nev. Sept. 30, 2010) (granting summary judgment on FMLA interference claim after finding employer's proffered reason - plaintiff's poor attendance - was real reason for the termination); *Batacan v. Reliant Pharms., Inc.*, 228 F. App'x 702, 704 (9th Cir. 2007) (affirming summary judgment on FMLA interference claim and holding plaintiff "failed to present 'specific' and 'substantial' evidence that [the employer's] proffered reason was pretextual"); *Shaaban v. Covenant Aviation Sec.*, No. CV 08-03339, 2009 U.S. Dist. LEXIS 104996, at *17 (N.D. Cal. Nov. 10, 2009) (same).

### 3. Wrongful Discharge

Plaintiff's Fifth Claim for Relief is for Wrongful Discharge. A cause of action for wrongful discharge exists where an employer discharges an employee for performing an important public duty or societal obligation or when an employee is fired for pursuing private statutory rights that are directly related to employment. *See Delaney v. Taco Time Int'l*, 297 Or 10 (Or 1984). To establish a *prima facie* case, a plaintiff must establish: (1) the employee must have been discharged for fulfilling an important societal obligation or for exercising an employment-related right of public importance; (2) the employee must establish a causal connection between a protected

1133-1/37 00508131 V 1

activity and the discharge; and (3) the protected activity must have been a substantial factor in the motivation to discharge or a factor that made a difference. *Estes v. Lewis & Clark College*, 152 Or App 372, 381 (Or App Ct 1998*)*.

In this case, the undisputed evidence is that Dean voluntarily quit because he admits to not calling in or showing up at work for more than two days the week following his assignment to perform light duty work in the Health and Safety room. There is no evidence that Dean was terminated for anything other than his admitted violation of the terms of the Collective Bargaining Agreement. As the Joint Conference Board confirmed, Dean voluntarily quit his job by failing to call in to his supervisor or to report to work. (Dean Dep. 48:5-7; 50:6-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11-12, Ex. C., Ex. D.) Dean was not terminated by Safeway for any reason other than job abandonment. There is no evidence that Dean's termination had anything to do with fulfilling an important societal obligation or for exercising an employment-related right of public importance. To the contrary, Dean's own admissions demonstrate his employment ended after he failed to call in to work for an entire week after being assigned to light duty.

As Dean voluntarily quit and there is no evidence that his employment was terminated for any protected reason, summary judgment should be granted in favor of Safeway on Dean's claim for wrongful discharge.

### 4.    Workers' Compensation Discrimination

Dean's Sixth Claim for Relief is for workers' compensation discrimination under ORS 659A.040. Under ORS 659A.040, a plaintiff establishes a claim for workers' compensation retaliation upon showing that (1) he invoked a right under the workers'

compensation scheme, (2) was discriminated against in the tenure, terms, or conditions of employment, and (3) the invocation of a workers' compensation right was a substantial factor in the adverse employment action. *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1063 (9th Cir.2005); *McPhail v. Milwaukie Lumber Co.*, 999 P.2d 1144 (Or. App. 2000).

Dean's claims for workers' compensation retaliation must be dismissed because the undisputed evidence is that Dean's employment was terminated when he violated the terms of the Collective Bargaining Agreement governing Dean's employment relationship with Safeway.  (Dean Dep. 48:5-7; 50:6-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11-12, Ex. C., Ex. D.) There is no evidence that Dean's workers' compensation claim had anything to do with his employment termination.  Absent evidence that his workers' compensation claim was a substantial factor in the decision to terminate his employment, summary judgment must be granted as a matter of law.

Under Oregon law, courts apply the "substantial factor" test to determine whether the employer retaliated against the employee.  *Seitz v. Albina Human Resources Center*, 100 Or App 665, 675, 788 P2d 1004 (1990).  In evaluating whether an employee's protected activities were the cause of an employer's adverse action, the critical question is whether the employee would have been treated differently if he had not filed a workers' compensation claim.  *Hardie v. Legacy Health System*, 167 Or App 425, 435, 6 P3d 531 (2000), partially superseded by statute on other grounds.

In this case, Dean's workers' compensation claim was not a substantial factor in causing Dean to suffer any adverse employment action.  The undisputed evidence is that Safeway would have made the same decision to terminate Dean's

Page 22 **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

employment regardless of Dean's workers' compensation claim due to Dean's violation of the terms of the Collective Bargaining Agreement that required him to call in each day when he was absent; his admitted failure to call in or report to work for two days is considered a voluntary quit under the Collective Bargaining Agreement. (Dean Dep. 48:5-7; 50:6-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11-12, Ex. C., Ex. D.) As Dean's employment was terminated in compliance with the terms of the Collective Bargaining Agreement that governed his employment relationship with Safeway, Dean's termination was based on a legitimate nonretaliatory and nondiscriminatory business reason. Dean's workers' compensation retaliation claim must fail because Dean cannot prove that his employment would not have been terminated "but for" his workers' compensation claim. *El-Hakem v. BJY, Inc.*, 262 F Supp 2d 1139, 1153 (D Or 2003), aff'd, 415 F.3d 1068 (9th Cir. 2005), cert. denied, 547 U.S. 1004 (2006).

Safeway had a legitimate nondiscriminatory and non-retaliatory reason for its decision to terminate Dean's employment which was consistent with the terms of the Collective Bargaining Agreement. It is undisputed that his employment was terminated when Dean voluntarily quit by failing to call in or report to work for two days and that his termination had nothing to do with his workers' compensation claim. As Dean was a union employee, the termination of his employment had to be conducted in compliance with the terms of the Collective Bargaining Agreement that governed the terms of his employment. As reflected by the decision of the Joint Conference Board upholding Dean's termination, the termination was consistent with the terms of the Collective Bargaining Agreement. Therefore, Dean's claim under ORS 659.040 for workers' compensation retaliation must be dismissed and summary judgment awarded to

Page 23 **DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Safeway as a matter of law because Dean has no evidence to support a retaliation claim.

**5.      Failure to Reinstate**

Dean's Seventh Claim for Relief is for failure to reinstate.  ORS 659A.043 states that "a worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such a position." ORS 659A.043(1). An injured worker makes a demand by "informing the employer that the worker seeks reinstatement or reemployment." OAR 839–006–0105(4).

The right to reinstatement does not apply if the worker is disabled from performing the duties of the former position. OAR 839–006–0130(1)(c).  In this case, Dean admits he was never released to return to work as a truck driver at Safeway between March 16, 2011, when he submitted his 801 form and the date he was sent a voluntary quit letter on March 25, 2011. (Dean Dep. 27: 9-24; Thomsen Decl. ¶15-16.) As Dean was not released to perform his job as a truck driver before his employment terminated, he was never entitled to reinstatement. OAR 839-006-0131(1)(g); *Vaughn v. Pacific Northwest Bell Tel. Co.,* 289 OR 73, 91, 611 P2d 281 (1980); OAR 839-006-0131(1)(h). Oregon law clearly states that the right to reinstatement does not apply if the worker is disabled from performing the duties of his former position. OAR 839-006-0130(5)(d).  Moreover, Dean admits that he never made a demand for reinstatement. (Dean Dep. 124:12-14). Therefore, as Dean does not have facts to prove a claim for reinstatement, summary judgment should be awarded for Safeway on Dean's Seventh Claim for Relief.

6.    **Failure to Reemploy under 659A.046**

Dean's Eighth Claim for Relief is for failure to reinstate an injured worker under ORS 659A.043.  The right to reemployment is similar to the right to reinstatement, except that it guarantees workers the right to be reemployed by the employer into a position that is "available and suitable," rather than reinstatement to a past position. ORS 659A.046(1). The right to reemployment requires that: (1) employment is available; (2) the injured worker has made an affirmative demand for another available and suitable job; and (3) that the demand be timely. *Dunlap v. Liberty Natural Products, Inc.*, 3:12-CV-01635-SI, 2013 WL 6177855 (D. Or. Nov. 25, 2013. Again, summary judgment must be awarded to Safeway on this claim because Dean admits he never demanded reemployment to another position before his employment with Safeway was terminated due to his voluntary quit. OAR 839-006-0136(7); OAR 839-006-0136(8). Moreover, Safeway offered him reemployment to a light duty position that was consistent with his restrictions and paid him the same wage he was paid while working as a truck driver.  (Thomsen Decl. ¶4.)  Dean voluntarily quit from this light duty position when he did not report to work or call in for work the entire week following his assignment to the light duty position. (Dean Dep. 48:5-7; 111:11-24, Ex. 4; Thomsen Decl. ¶11, Ex. C.)   Summary judgment should be granted on this claim because Dean has no evidence to prove the essential elements of his claim.

### IV.    CONCLUSION

Summary judgment should be awarded in favor of Safeway on all of Dean's eight claims for relief because Dean does not have evidence to prove the required elements of any of these claims.  Dean voluntarily quit and it was his own conduct that

caused his employment to be terminated.  The decision of the Joint Conference Board

affirmed that Dean's termination of employment was consistent with the terms of the

Collective Bargaining Agreement governing Dean's employment relationship with

Safeway.  Safeway had a legitimate nondiscriminatory and nonretaliatory reason to

terminate Dean's employment because Dean himself voluntarily quit by failing to report

to work or call in as required by the terms of the Collective Bargaining Agreement. As

there is no genuine issue of material fact as to any of the eight claims for relief, summary

judgment should be granted for Defendant Safeway as a matter of law on all of Plaintiff's

claims against Defendant Safeway and Plaintiff's case should be dismissed with

prejudice.

   DATED:  February 27, 2014.

        BULLARD LAW

        By s/Lisa Brown        
         Lisa C. Brown, OSB No. 794709
         lbrown@bullardlaw.com
         503-248-1134/Telephone
         503-224-8851/Facsimile
         Attorneys for Defendant
         Safeway Inc.

        Trial Attorney: Lisa C. Brown

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 6,206 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

DATED:  February 27, 2014.

BULLARD LAW

By s/Lisa Brown
        Lisa C. Brown, OSB No. 794709

1133-1/37 00508131 V 1

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2014, I served the foregoing

**DEFENDANT SAFEWAY'S MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION FOR SUMMARY JUDGMENT** on:

> Kerry M.L. Smith
> Smith & Fjelstad
> 722 N. Main Avenue
> Gresham, OR  97030

☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed.  It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery.  It was addressed as stated above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

s/Lisa Brown
Lisa C. Brown, OSB No. 794709
Attorneys for Defendant
Safeway Inc.

Page 1    CERTIFICATE OF SERVICE

1133-1/37 00508131 V 1